

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Larry G. Philpot | § § | |
| Plaintiff | § § | Case # 1:17-cv-4329-WTL-TAB |
| VS. | § § | |
| Bangor Publishing Company/ Bangor Daily News | § § | |
| Defendant | § § § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND IN THE ALTERNATIVE, PLAINTIFF'S MOTION TO TRANSFER CASE TO U.S. DISTRICT COURT OF MAINE

### BACKGROUND

Larry G. Philpot ("Philpot"), Pro Se, complains to Defendant Bangor Publishing Company (Bangor) for copyright infringement of Plaintiff's copyrighted image of Willie Nelson. Defendant has moved to dismiss for lack of Personal Jurisdiction with all the usual defenses of not targeting Indiana, et.al. Plaintiff seeks to keep the case in Indiana, or in the alternative, respectfully requests the honorable Court to transfer the case to Maine.

### ARGUEMENT

1. Plaintiff simply relies on the Indiana Long Arm Statutes, which are some of the most strict in the US, specifically Local Trial Rule 4.4, which states:

> **Trial Rule 4.4**
>
> Service upon persons in actions for acts done in this state or having an effect in this state
> (A) **Acts Serving as a Basis for Jurisdiction**. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent: In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.
> (1) doing any business in this state;
> (2) causing personal injury or property damage by an act or omission done within this state;
> (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

2. In Mr. Benoit's Affidavit, while the documents state statistics and deny that Bangor was "targeting" Indiana, revenue was earned by the article being shown in Indiana. To articulate, an article posting a Willie Nelson concert in Maine earned the Bangor Daily News some revenue, albeit a purported $0.09, but over $2,517 in just 2014, without targeting Indiana. (Benoit Affidavit Pg.4, Paragraph 21.

    21. Overall revenue to BDN from total and Indiana-based page views for 2014 would be approximately as follows:

    | Source | Total | Indiana |
    |---|---|---|
    | bangordailynews.com | $2.1 million | $2,517 |
    | Culture Shock blog | $9,262 | $2.97 |
    | Willie Nelson blog post | $49.74 | $0.09* |

    *Assumes blog post traffic percentage from Indiana equal to overall blog traffic for Indiana.

    I affirm under the penalty of perjury that the foregoing is true and correct.

    Executed at Bangor, Maine this 18th day of December, 2017.

    /s/ Todd Benoit
    Todd Benoit

3. If one were to extrapolate, in the time since the article was posted, even without directly "targeting" Indiana, Bangor has earned over $10,000, and continues to earn. Bangor has not blocked any of its articles from Indiana, and sell subscriptions and photos on its

highly interactive website, and have no reason, considering Bangor makes over $200 per month from Indiana, regardless of targeting. This income is regular and systematic because it comes over the course of thousands of Indiana residents viewing Bangor's website.

4. Trial Rule 4.4 A(1) and (3) satisfies this jurisdictional requirement in that earning revenue is doing business, and there was harm felt by a resident in Indiana caused by an act performed outside the state. By Mr. Benoit's own Declaration, the Bangor Daily News websites earned over $2,517 in revenue in just 2014. However, the article and image was still visible until at least May 7, 2017. If one considers a linear extrapolation, Bangor earned roughly well over $10,000 during this period from Indiana residents, and continues to earn.

5. In May, 2015, over 2 years before this case at Bar was filed, Bangor hired two attorneys to conduct background into Defendant, by teleconferencing with at least A.J. Coreale, opposing counsel in another of Plaintiff's cases. Bangor did not hire, nor attempt to hire Coreale.

## CONCLUSION

6. Defendant Bangor has admitted to not only receiving revenue from viewers from this district, but provides the amount of revenue for just one year, over $2500 for just 2014. Plaintiff believes this meets the test of "doing any business in Indiana."

7. Plaintiff respectfully requests that the case move forward in Indiana. The witnesses are here, the evidence is here, and Defendant has already hired a legal team.

8. In the Alternative Plaintiff asks that the case not be dismissed, and that the case be transferred to the appropriate venue in Maine.

Dated this 4th day of January, 2018.

Respectfully submitted,

_____

Larry G. Philpot
8125 Halyard Way,
Indianapolis, IN 46236
317-567-1338
Email: Larry@behindthemusic.net

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2018, a copy of the foregoing was filed, and a copy of same was mailed via electronic mail, and properly addressed to the following:

Mr. Steven E. Runyan
Kroger, Gardis & Regas, LLP
111 Monument Circle, #900
Indianapolis, IN 46204
ser@kgrlaw.com

_____

Larry G. Philpot, Pro Se
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
Larry@behindthemusic.net
317-567-1338